THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MAGNETIC INSTRUMENTATION, INC. )<br>)<br>) Case No.: 1:06-cv-1476-LJM-VSS<br>Plaintiff, )<br>v. )<br>)<br>GREG BRADLEY, )<br>FRANCIS WAI, aka WING-KIN WAI, )<br>)<br>and )<br>)<br>APP ENGINEERING, INC. )<br>)<br>Defendants. ) | |

## AMENDED COMPLAINT

Plaintiff, Magnetic Instrumentation, Inc., ("M.I."), by their undersigned counsel, for their Amended complaint against Defendants, Greg Bradley, ("Bradley") and Francis Wai, ("Wai") and APP Engineering, Inc., ("APP") allege as follows:

## SUMMARY OF ACTION

1. Magnetic Instrumentation, Inc., is an Indiana Corporation doing business throughout the United States, and is in the business of engineering and manufacturing multi-functional monitoring and recording devices for the utility industry.

2. From on or about October 8, 1984 until January 24, 2005, Greg Bradley was an employee, (work for hire) of M.I.

3. From on or about July 20, 1994, until January 24, 2005, Francis Wai, was an employee, (work for hire) of M.I.

4. During the course of the employment of Bradley and Wai, M.I. invested substantial amounts of money in developing multi-functional monitoring and recording

1

devises for the utility market in trials to evaluate the various software that would be effective in acquiring the measurement and status data, detecting an event condition, time stamping the acquired data, storing the acquired data, retrieving the acquired data, and viewing and or analyzing the acquired data.

5.  On January 24, 2005, both Bradley and Wai tendered their resignations from M.I.

6.  On February 17, 2005 Bradley and Wai incorporated, and are the sole shareholders of APP Engineering, Inc.

7.  During the week of January 24, 2005, Bradley made direct contact with clients of M.I. stating that he left M.I. and started his own business, and that he was developing a multi-functional recorder, (DFR).

8.  That Bradley in his contact with customers of M.I., used information obtained from M.I. while employed at M.I.

9.  That this complaint arises from the infringement of copyrighted material belonging to M.I. by Bradley, Wai, and their corporation APP, and the use and removal of proprietary rights and other property belonging to M.I. This Complaint also arises from Bradley's, Wai's and APP's unauthorized use and misappropriation of the property and Confidential Information belonging to M.I.

10. Without authorization or consent, Bradley, Wai, and their resulting corporation, APP used property and Confidential Information belonging to M.I. to solicit customers for their corporation APP.

11. Bradley, Wai, and APP did not have approval from M.I. as the owner of the technology claimed in those solicitations.

12. Bradley, Wai, and APP used M.I. property and Confidential Information to commercialize its product under the brand name APP-501.

13. In this Complaint, Magnetic Instrumentation, Inc., asserts claims for infringement of the copyright by virtue of Bradley's, Wai's, and APP's manufacture, sale and marketing of the APP-501 recorder. In addition, M.I. seeks a declaratory judgment that it is the creator of the software and owner of the software used in the device marketed by Bradley, Wai, and APP, all of which are derived from property and confidential information belonging to M.I.

14. Magnetic Instrumentation, Inc. also asserts that Bradley, Wai, and APP, tortiously interfered with the business relations of M.I., and the actions of APP, Bradley and Wai also form the basis for claims of conversion, misappropriation of trade secrets under the Indiana Uniform Trade Secrets Act, Ind. Code Ann. §§ 24-2-3-1 et seq., and unjust enrichment. M.I. also seeks an accounting of APP's, Bradley's and Wai's monetary gain from its wrongdoing.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over the copyright infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and the declaratory judgment claim pursuant to 28 U.S.C. §2201. This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(a).

16. Defendants Bradley, Wai, and APP are subject to personal jurisdiction in this district by virtue of, among other things, marketing and selling goods and services in the State of Indiana, doing business in the State of Indiana through agents and representatives, otherwise having substantial contact with the State and committing acts of infringement as defined in 17 U.S.C. § 106 within the State of Indiana, and pursuant to 28 U.S.C. § 1332, the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars exclusive of interest, fees, and costs.

17.     Venue for this action properly lies within this judicial district pursuant to 28 U.S.C. § 1400(a) and pursuant to 28 U.S.C. § 1391.

## PARTIES

18.     Magnetic Instrumentation, Inc., is an Indiana corporation organized under the laws of the State of Indiana, having its principal place of business at 8431 Castlewood Drive, Indianapolis, Indiana and is engaged in the business of engineering and manufacturing multi-functional monitoring and recording devices for the utility industry. M.I. also does business as Utility Systems, Inc., (USI).

19.     Defendants Greg Bradley and Francis Wai are residents of the State of Indiana.

20.     Defendant APP Engineering, Inc., is an Indiana corporation organized under the laws of the State of Indiana having its principal place of business at 923 Chadwick Street, Indianapolis, Indiana, and is a provider of multifunction recording instrumentation and analysis software for the utility industry.

## FACTUAL BACKGROUND
### M.I.'s development of software

21.     M.I. copyrighted the following software on the corresponding dates:

|  | **Version 1.0 (First Publication)** |
|---|---|
| USI Master | July 17, 2000 |
| USI WinDFR | July 17, 2000 |
| USI Remote | December 20, 2002 |
| USI Remote Scope | December 20, 2002 |
| USI  Quick Summary | July 17, 2000 |
| USI  DSP Main Module | March 13, 2001 |
| USI Lightning Strike | September 9, 2004 |

22.     M.I. has registered the following software with the Copyright Office on the following dates:

| Exhibit 1 | USI Master | July 12, 2006 |
|---|---|---|
| Exhibit 2 | USI WinDFR | July 12, 2006 |
| Exhibit 3 | USI Remote | July 12, 2006 |
| Exhibit 4 | USI Remote Scope | July 12, 2006 |
| Exhibit 5 | USI  Quick Summary | July 12, 2006 |

4

| | | |
|---|---|---|
| Exhibit 6 | USI DSP Main Module | July 12, 2006 |
| Exhibit 7 | USI Lightning Strike | October 6, 2006 |

23.     Bradley became employed, (work for hire) by M.I. on October 8, 1984 and resigned on January 24, 2005.

24.     During his term of employment with M.I., Bradley held positions as, engineering technician, product design engineer, engineering group leader, engineering manager, and on the date of his resignation held the position of General Manager, USI Product Line.

25.     Bradley's duties during his employment with M.I. included, overseeing the engineering, manufacturing, and sales of the USI product line.  During the five (5) years his group redesigned the hardware and software for the original Digital Fault Recorder (DFR) and Sequence of Event Recorder (SER), they designed a new DFR and SER and wrote all new data analysis software (USI Master).

26.     Bradley had access to all M.I. business plans, research and development, copyrights, and software, product development, profit and loss information, Sales information which included all totals and products for all customers of M.I.

27.     Wai became first employed, (work for hire) by M.I. on July 20, 1994 and resigned on January 24, 2005.

28.     During the term of his employment with M.I., Wai held positions as Senior R& D Engineer and on the date of his resignation held the position of Senior R& D Engineer, USI Product Line.

29.     Wai's duties during his employment included, responsibility for the redesign of the software for the original Digital Fault Recorder and Sequence of Event Recorder, and assisted with writing all the new data analysis software (USI Master), and all related software for the new DFR and SER.

30.     Wai also worked on the Lightning Strike project and software.

31. That all of the copyrighted software referenced in rhetorical paragraphs 21 and 22 above was developed by M.I. during the time while Bradley and Wai were employed by M.I.

32. M.I. copyrighted the software on the dates as referenced in paragraph 21 above.

33. That the software copyrighted by M.I. is specific to the industry, and provides M.I. its competitive advantage over its competitors.

34. M.I. has created additional material and Confidential Information, not disclosed in the copyright which M.I. has used in their business and which provides an advantage over competitors.

35. M.I. has taken sufficient measures to guard the secrecy of M.I. copyrighted software and Confidential Information.

### Resignation of Bradley and Wai, their incorporation as APP, and the marketing of device and solicitation to customers of M.I. using M.I. Inventions And Confidential Information

36. By letter dated January 24, 2005, Greg Bradley resigned from M.I.

37. By letter dated January 24, 2005, Francis Wai's resigned from M.I.

38. APP was incorporated on February 24, 2005.

39. While employed by M.I., Bradley and Wai created files on M.I. computers to form APP.

40. The files created by Bradley, and Wai included APP's business plan.

41. During the time Bradley and Wai created the files and worked on the business plan they were employed by M.I. and used M.I. materials and equipment without the authorization of M.I. and said files were created during times that Bradley and Wai were to be working on M.I. projects.

42. Bradley and Wai, while employed by and working for M.I. downloaded, copied

and removed from M.I. property and proprietary information which belonged to M.I.

43. Bradley and Wai used the materials and information taken from M.I. to solicit customers of M.I. APP used the materials and information taken from M.I. to solicit customers of M.I.

44. As part of their solicitation of M.I. customers, Bradley and Wai, used confidential information secretly obtained from M.I.

45. As part of their solicitation of M.I. customers APP used confidential information secretly obtained from M.I.

46. Bradley and Wai used and solicited software taken from M.I. without the knowledge or consent of M.I.

47. APP used and solicited software taken from M.I. without the knowledge or consent of M.I.

**M.I. Discovered Infringement and Misappropriation of
The Valuable M.I. Software and Confidential Information by Bradley, Wai and APP**

48. Shortly after the resignation of Bradley and Wai from M.I., M.I. first learned about Bradley's, Wai's, and APP's use of M.I. software and confidential information.

49. Due to the similarity in the programs, M.I. believes that Bradley, Wai, and APP used M.I. software and copyrighted material in APP's 501 multifunction recorder.

50. M.I. believes that the M.I. Software and Confidential Information disclosed in confidence to Bradley and Wai had been exploited by Bradley, Wai, and APP without the consent or authorization of M.I.

**COUNT I – COPYRIGHT INFRINGEMENT**

51. M.I. repeats and incorporates by reference as if fully stated herein the allegations in rhetorical paragraphs 1 through 50 above.

52. The copyrights referenced in paragraph 21 and 22 above were duly and legally Issued, and names MI as the sole owner.

53. M.I. as the owner, has the exclusive worldwide right and license of the copyright, including the right to bring litigation for infringement thereof.

54. Bradley, Wai, and APP have infringed, and is infringing, and/or has induced others to infringe and is inducing others to infringe, the copyrighted material by its manufacture, promotion, offering for sale, and sale of APP equipment.

55. At all times, Bradley, Wai, and APP's infringement and inducement of infringement of the copyright has been willful and deliberate.

56. M.I. has suffered damages as a result of Greg Bradley's, Francis Wai's, and APP's infringement and inducement of infringement of the copyrighted material and will continue to suffer damages in the future unless Bradley, Wai, and APP are enjoined from further infringing and inducing infringement of the copyrighted material.

   WHEREFORE, Magnetic Instrumentation, Inc., respectfully requests that this Court enter judgment in its favor and against Greg Bradley, Francis Wai, and APP in an amount to be determined at trial, together with an award of costs, interest, attorneys' fees as provided by law, and such other relief as the Court deems equitable and just.

### COUNT II – TORTIOUS INTERFERENCE WITH BUSINESS

57. M.I. repeats and incorporates by reference as if fully stated herein the allegations in paragraphs 1 through 56 above.

58. There is a valid business relationship between M.I., and Florida Power and Light, and Dominion Virginia Power.

59. Bradley, Wai, and APP are aware of and have knowledge of the existence of the business relationships due to:

8

      a. Bradley's and Wai's prior positions with M.I.,
      b. Bradley's and Wai's prior access to such information,
      c. M.I.'s discovery of the business plan created by Bradley and Wai while still employed at M.I.,
      d. Bradley's attempts to contact clients of M.I. upon his resignation.

60. Bradley, Wai, and APP have intentionally interfered with the business relationships of M.I. by:

      a. Using M.I. copyrighted software,
      b. The simultaneous resignation of Bradley and Wai from M.I.,
      c. Bradley's attempts to contact clients of M.I. upon his resignation.

61. There is no justification for the contacts and interference made by Bradley, Wai, and APP, except to damage M.I.

62. As a result, M.I. has been damaged by the illegal actions of Bradley, Wai and APP in removing and using the copyrighted material and confidential information belonging to M.I.

      WHEREFORE, Magnetic Instrumentation, Inc., respectfully requests that this Court enter judgment in its favor against Greg Bradley, Francis Wai, and APP ordering them to refrain from contacting and interfering with Magnetic Instrumentation Inc.'s business, or in the alternative granting damages in an amount to be determined at trial, together with an award of costs, interest, attorneys' fees as provided by law, and such other relief as the Court deems equitable and just.

## COUNT III – CONVERSION

63.    M.I. repeats and incorporates by reference as if fully stated herein the allegations in paragraphs 1 through 62 above.

64.    M.I. has sole and exclusive use to the right of possession, title and interest to the copyrighted software, and Confidential Information, developed by M.I.

65.    Bradley and Wai, knowingly exerted unauthorized control over the property of

9

M.I., being the copyrighted material, and Confidential Information.

66. Bradley, Wai, and APP improperly appropriated the M.I. material and Confidential Information for its own use and benefit.

67. Such unauthorized domain and use by Bradley, Wai, and APP of the M.I. copyrighted material and Confidential Information constitutes conversion.

68. M.I. has been injured as a direct and consequential result of Bradley, Wai and APP's conversion.

69. Pursuant to I.C. 34-24-3-1, in conjunction with I.C. 35-43-4-3, M.I. is entitled to damages for conversion of M.I.'s property, treble damages and attorney fees.

WHEREFORE, Magnetic Instrumentation, Inc., respectfully request that this Court enter judgment in their favor and against Greg Bradley, Francis Wai, and APP in an amount to be determined at trial, treble damages, together with an award of costs, interest, attorneys' fees as provided by law, and such other relief as the Court deems equitable and just.

### COUNT IV – UNJUST ENRICHMENT

70. M.I. repeats and incorporates by reference as if fully stated herein the allegations in paragraphs 1 through 69 above.

71. M.I. never waived their rights to the M.I. copyrighted and Confidential Information.

72. Bradley, Wai, and APP appropriated the M.I. copyrighted and Confidential Information as its own to the exclusion of M.I.

73. As a result of its improper actions in connection with the M.I. copyright and Confidential Information, Bradley, Wai, and APP have been unjustly enriched, having received the benefit of such contributions without compensation to M.I.

74. Bradley, Wai, and APP were aware of, and had knowledge of, the benefits conferred on it by its use of M.I.'s copyrighted and Confidential Information.

75. Under these circumstances, Bradley's, Wai's and APP's receipt and retention of any monetary benefits conferred upon them by their use of the M.I. copyrighted and Confidential Information would be unjust.

76. M.I. is entitled to disgorgement and restitution of all economic benefits which Bradley, Wai, and APP derived for the use of the copyrighted and Confidential Information.

WHEREFORE, Magnetic Instrumentation, Inc., respectfully requests that this Court enter judgment in their favor and against Greg Bradley, Francis Wai, and APP in an amount to be determined at trial, together with an award of costs, interest, attorneys' fees as provided by law, and such other relief as the Court deems equitable and just.

### COUNT V - MISAPPROPRIATION OF TRADE SECRETS UNDER INDIANA UNIFORM TRADE SECRETS ACT, IND. CODE ANN. § 24-2-3-1 et seq.

77. M.I. repeats and incorporates by reference as if fully stated herein the allegations in paragraphs 1 through 76 above.

78. The M.I. copyrighted and Confidential Information includes trade secrets that are subject to protection under the Indiana Uniform Trade Secrets Act, Ind. Code Ann. § 24-2-31 et seq., and relevant precedents and standards established thereunder.

79. This cause of action has been is brought within three, (3) years after the discovery of the misappropriation by Bradley, Wai, and APP.

80. The M.I. copyrighted material and Confidential Information include a compilation of research and scientific data that derives independent economic value by

11

not being accessible, through proper means, to competitors, who can profit from its explicit and/or implicit and/or intentional and/or inevitable use or disclosure.

81. M.I. has taken reasonable and adequate measures under the circumstances to maintain the secrecy of the M.I. copyrighted and Confidential Information.

82. Bradley, Wai, and APP knowingly and willfully misappropriated, and have used the M.I. copyrighted and Confidential Information, without privilege, justification, or claim of right.

83. The foregoing conduct constitutes an actual misappropriation and misuse of the M.I. copyright and Confidential Information.

84. Bradley, Wai, and APP's actions in misappropriation and misuse of the M.I. copyrighted and Confidential Information were intentional, willful, and malicious.

85. As a consequence of the foregoing, M.I. has suffered and will continue to suffer irreparable harm and loss.

WHEREFORE, Magnetic Instrumentation, Inc., respectfully requests that this Court enter judgment in their favor and against Greg Bradley, Francis Wai, and APP in an amount to be determined at trial, together with an award of costs, interest, attorneys' fees as provided by law, and such other relief as the Court deems equitable and just.

## COUNT VII – FRAUD/CONSTRUCTIVE FRAUD

86. M.I. repeats and incorporates by reference as if fully stated herein the allegations in paragraphs 1 through 85 above.

87. Bradley, Wai, and APP falsely represented to customers, current clients of M.I., other professionals in the industry, and the public at large that Bradley, Wai, and APP were the creators and owners of M.I.'s copyrighted material as referenced in rhetorical paragraphs 21 and 22 above.

88. Bradley, Wai, and APP concealed from Magnetic Instrumentation, Inc., that its marketing, making and selling of software embodies the M.I. copyrighted and Confidential Information disclosed to Bradley and Wai in confidence during the course of their employment with M.I.

89. Bradley and Wai concealed from M.I. that it relied on the M.I. copyrighted and Confidential Information, disclosed in confidence, to assist and accelerate Bradley, Wai, and APP's own research (if any), development and commercialization of their software.

90. Bradley, Wai, and APP were under a legal duty to disclose to customers, and M.I., that M.I. was the creator and copyright holder of the software used by Bradley, Wai, and APP.

91. As a result of their prior employment with M.I., Bradley and Wai also had a fiduciary relationship and/or special relationship with M.I.

92. As a result of their prior employment with M.I., Bradley and Wai also had a legal duty, fiduciary relationship and/or special relationship with M.I. by virtue of M.I.'s exclusive worldwide right to the copyrighted material.

93. Bradley, Wai, and APP had a duty to disclose to M.I. that it:

  (a) disclosed M.I. copyrighted material and Confidential Information in software used and solicited by Bradley, Wai, and APP;

  (b) falsely claimed that the M.I. copyrighted software and Confidential Information, disclosed in software used and solicited by Bradley, Wai, and APP was its own;

  (c) represented to customers, current clients of M.I., other professionals in the industry, and the public at large that Bradley, Wai, and APP were the only creators for said software;

13

      (d) made, marketed and sold software for uses which embody M.I.'s copyrighted material and Confidential Information; and

      (e) relied on M.I.'s copyrighted material and Confidential Information to assist and accelerate Bradley's, Wai's, and APP's own research (if any), development and commercialization of their software without credit or compensation to M.I.

94.     Bradley, Wai, and APP concealed the aforementioned material facts from M.I. when it had a duty to make such disclosures.

95.     Bradley, Wai, and APP's fraud is on going.  Bradley, Wai, and APP continue to use, manufacture, and sell software using M.I.  copyrighted material.

96.     Bradley, Wai, and APP omitted the aforementioned material facts with the intention of concealing from M.I. its wrongful use of M.I.'s copyrighted material and Confidential Information.

97.     Bradley, Wai, and APP knew, or should have known, at all time relevant thereto that its representations as to the use and ownership of the copyright were false.

98.     Bradley, Wai, and APP omitted the aforementioned material facts and made the aforementioned misrepresentations with the intention of delaying any legal action by M.I.

99.     M.I. reasonably relied upon the aforementioned misrepresentations and failures to disclose to their detriment.

100.     As a direct and proximate result of Bradley, Wai and APP's fraud and fraudulent concealment, M.I.  has been damaged.

      WHEREFORE, Magnetic Instrumentation, Inc., respectfully requests that this Court enter judgment in their favor and against Greg Bradley, Francis Wai, and APP in an amount to be determined at trial, together with an award of costs, interest,

attorneys' fees as provided by law, and such other relief as the Court deems equitable and just.

## COUNT IX – ACCOUNTING

101. M.I. repeats and incorporates by reference as if fully stated herein the allegations in paragraphs 1 through 100 above.

102. As described above, using M.I. copyrighted matrial and Confidential Information, Bradley, Wai, and APP made, marketed and sold software, and accelerated its research (if any), development and commercialization of their software without credit or compensation to M.I.

103. Bradley, Wai, and APP are receiving significant monetary benefit from this activity.

104. M.I. is entitled to an accounting of any monetary or other benefits received by Bradley, Wai and APP on all activities related to Bradley's, Wai's, and APP's reliance and/or use of:

    (a) M.I. software and Confidential Information which Bradley and Wai exerted unauthorized control, and

    (b) any other activities from which Bradley, Wai, and APP received or is receiving benefits relating to use of M.I. copyrighted material and Confidential Information.

105. An accounting is necessary so that M.I. may be paid any monies rightfully belonging to them.

    WHEREFORE, Magnetic Instrumentation, Inc, respectfully request that this Court enter judgment in their favor and against Greg Bradley, Francis Wai, and APP in an amount to be determined at trial, together with an award of costs, interest,

attorneys' fees as provided by law, and such other relief as the Court deems equitable and just.

## PRAYER FOR RELIEF

WHEREFORE, Magnetic Instrumentation, Inc., respectfully request that this Court grant the following relief:

A. A judgment that Greg Bradley, Francis Wai, and APP have infringed copyrights belonging to M.I.;

B. An injunction enjoining and restraining Greg Bradley, Francis Wai, and APP and its officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, directly or indirectly, from infringing copyrights belonging to M.I.;

C. A judgment requiring Greg Bradley, Francis Wai, and APP to pay damages under 17 U.S.C. § 504, including statutory damages, with prejudgment interest;

D. A judgment requiring Greg Bradley, Francis Wai, and APP to pay the costs of this action and attorneys' fees as provided by 17 U.S.C. § 505, with prejudgment interest;

E. A judgment declaring M.I. as the sole owner of its copyrighted material;

F. An accounting of any monetary or other benefits received by Greg Bradley, Francis Wai, and APP on all activities related to Greg Bradley's, Francis Wai's, and APP's reliance on and/or use of:

  (a) M.I. copyrighted material and Confidential Information which Greg Bradley, Francis Wai, and APP exerted unauthorized control; and

  (b) any other activities from which Greg Bradley, Francis Wai, and APP received or are receiving benefits relating to use of M.I. copyrighted material and Confidential Information.

G. Judgment in favor of M.I. on each claim for relief; and

H. Any and all such additional and further relief as this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

M.I. hereby demands that all issues be determined by a jury.

Respectfully submitted,


RESPECTFULLY SUBMITTED,
/ John G. Garman, Jr./
John G. Garman, Jr. (15170-64)
Garman Law Offices, P.C.
JGGLAW@INSIGHTBB.COM
Attorney for MAGNETIC INSTRUMENTATION, INC.
PLAINTIFF