UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MAGNETIC INSTRUMENTATION, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>GREG BRADLEY, )<br>)<br>FRANCIS WAI, aka WING-KIN WAI, )<br>)<br>and )<br>)<br>APP ENGINEERING, INC. )<br>) <br>Defendants. ) | Civil Action No. 1:06-cv-1476-LJM-VSS<br><br><br><br><br><br><br><br>January 16, 2007 |

**DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO AMENDED COMPLAINT**

COME NOW Defendants, by counsel, and for their Answer and Affirmative Defenses to Plaintiff's Amended Complaint allege and state as follows, by paragraphs numbered in correspondence to those of Plaintiff's Amended Complaint:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and on that basis deny each and every allegation contained therein.

2. Defendant Greg Bradley admits that he was an employee of M.I. from on or about October, 1984 until January 24, 2005, but he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2, and on that basis denies the remaining allegations contained therein.

3. Defendant Francis Wai admits that he was an employee of M.I. from on or about July, 1994 until January 24, 2005, but he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3, and on that basis denies the remaining allegations contained therein.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and on that basis deny each and every allegation contained therein.

5. Admitted.

6. Defendants Bradley and Wai admit that APP Engineering, Inc. was incorporated effective February 17, 2005 and that they are the sole shareholders of APP Engineering, Inc.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and on that basis deny each and every allegation contained therein.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and on that basis deny each and every allegation contained therein.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and on that basis deny each and every allegation contained therein.

16. Denied.

17. To the extent this Court has jurisdiction over this action, Defendants admit that venue properly lies within this judicial district.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and on that basis deny each and every allegation contained therein.

19. Admitted.

20. Admitted.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and on that basis deny each and every allegation contained therein.

22. Based on the information submitted by Plaintiff as Exhibits 1-7 to its Amended Complaint, it appears copyright registrations for the titles listed in Paragraph 22 were obtained on the dates indicated.

23. Defendant Greg Bradley admits that he was first employed by M.I. in October, 1984 and resigned on January 24, 2005, but he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23, and on that basis denies the remaining allegations contained therein.

24. To the best of his recollection, Defendant Bradley admits that he held the positions listed in Paragraph 24.

25. Defendant Bradley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and on that basis denies each and every allegation contained therein.

26. Denied.

27. Defendant Wai admits that he was first employed by M.I. in July, 1994 and resigned on January 24, 2005, but he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27, and on that basis denies the remaining allegations contained therein.

28. Denied.

29. Defendant Wai is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and on that basis denies each and every allegation contained therein.

30. Denied.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, and on that basis deny each and every allegation contained therein.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, and on that basis deny each and every allegation contained therein.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, and on that basis deny each and every allegation contained therein.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, and on that basis deny each and every allegation contained therein.

35. Denied.

36. Admitted.

37. Admitted.

38. Denied. The incorporation of APP Engineering, Inc. was effective February 17, 2005.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48, and on that basis deny each and every allegation contained therein.

49. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49, and on that basis deny each and every allegation contained therein.

50. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50, and on that basis deny each and every allegation contained therein.

51. Defendants respond to this Paragraph by incorporating their corresponding responses to Paragraphs 1-50.

52. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52, and on that basis deny each and every allegation contained therein.

53. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53, and on that basis deny each and every allegation contained therein.

54. Denied.

55. Denied.

56. Denied.

57. Defendants respond to this Paragraph by incorporating their corresponding responses to Paragraphs 1-56.

58. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58, and on that basis deny each and every allegation contained therein.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Defendants respond to this Paragraph by incorporating their corresponding responses to Paragraphs 1-62.

64. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64, and on that basis deny each and every allegation contained therein.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Defendants respond to this Paragraph by incorporating their corresponding responses to Paragraphs 1-69.

71. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71, and on that basis deny each and every allegation contained therein.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Defendants respond to this Paragraph by incorporating their corresponding responses to Paragraphs 1-76.

78. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78, and on that basis deny each and every allegation contained therein.

79. Denied.

80. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80, and on that basis deny each and every allegation contained therein.

81. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81, and on that basis deny each and every allegation contained therein.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Defendants respond to this Paragraph by incorporating their corresponding responses to Paragraphs 1-85.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Defendants respond to this Paragraph by incorporating their corresponding responses to Paragraphs 1-100.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

## FIRST AFFIRMATIVE DEFENSE

106. Defendants have not infringed, are not now infringing, have not induced others to infringe, and are not now inducing others to infringe, any valid copyright of any of Plaintiff's works.

## SECOND AFFIRMATIVE DEFENSE

107. Defendants have not substantially copied any original works of authorship of Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

108. Plaintiff's copyright registrations identified as TX 6-407-616, TX 6-436-668, TX 6-447-488, TX 6-419-558, TX 6-417-163, TX 6-417-165, and TX 6-436-633 are invalid due to Plaintiff's failure to disclose material facts to the U.S. Copyright Office in its applications for registration.

### FOURTH AFFIRMATIVE DEFENSE

109. Plaintiff's claims are barred in whole or in part under equitable principles.

### FIFTH AFFIRMATIVE DEFENSE

110. Plaintiff's claims for conversion in Count III, unjust enrichment in Count IV, and fraud/constructive fraud in Count VII are preempted under federal Copyright Law.

### SIXTH AFFIRMATIVE DEFENSE

111. The actions alleged by Plaintiff in Count III do not constitute conversion.

### SEVENTH AFFIRMATIVE DEFENSE

112. During the periods of employment of Defendants Bradley and Wai, Plaintiff maintained no information that qualified as a trade secret under the Indiana Uniform Trade Secrets Act.

### EIGHTH AFFIRMATIVE DEFENSE

113. Any damages alleged to have been suffered by Plaintiff are *de minimis*.

WHEREFORE, Defendants request that the Court:

A. Dismiss the Amended Complaint with prejudice.

B. Declare and adjudge that Defendants have not, and do not, infringe any valid copyright of Plaintiff.

C. Declare and adjudge that the copyright registrations asserted by Plaintiff are invalid and unenforceable.

D. Award Defendants their reasonable attorneys' fees, costs and expenses necessitated by the defense of this action.

E. Award Defendants all other relief that is just and proper.

Respectfully submitted,

Dated: January 16, 2007

s/ Scott J. Stevens

Scott J. Stevens
Woodard, Emhardt, Moriarty,
  McNett & Henry LLP
111 Monument Circle, Suite 3700
Indianapolis, IN 46204
(317) 634-3456
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2007, a copy of the foregoing Defendants' Answer and Affirmative Defenses to Amended Complaint was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    John G. Garman, Jr.
    Garman Law Offices, P.C.
    jgglaw@insightbb.com

    s/ Scott J. Stevens
    Scott J. Stevens

47062-3:430672